IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JUAN DONTAE SHELTON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN STEVENS,<br><br>Defendant, | No. 4:16-cv-00538-RGE-HCA<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT |

**I.     INTRODUCTION**

Defendant Brian Stevens brings a second motion for summary judgment in this excessive force case filed by Plaintiff Juan Dontae Shelton under 42 U.S.C. § 1983. The Court previously granted summary judgment to all other defendants on the basis of qualified immunity. For the reasons set forth in the Court's previous order and the reasons discussed below, the Court again denies Stevens's motion for summary judgment.

**II.    FACTUAL BACKGROUND**

The Court recounted the facts of Shelton's arrest in its previous order. *See* Order Re:Defs.' Mot. Summ. J. 4–9, ECF No. 83. At issue here is Stevens's forceful placement of his foot on Shelton's ankle while Shelton lay face down, substantially subdued by five other officers. *See id.* at 22. Stevens describes the action as a "stomp." *Id.*; Pl.'s App. Supp. Resp. Mot. Summ. J. 53, Stevens Dep. 46:20, ECF No. 91-2.

In support of his present motion, Stevens submits a slow-motion video of Shelton's arrest, Def.'s App. Supp. Mot. Summ. J. 26, ECF No. 90-2; testimony of another officer, Small Aff., ECF No. 90-2 at 30–31; Shelton's deposition testimony, Shelton Dep., ECF No. 90-2 at 34–40; and excerpts of Shelton's medical records, ECF No. 90–2 at 32–33.

Stevens contends this evidence demonstrates he stepped on Shelton's right ankle, which was not injured during the arrest. *See* Def.'s Mot. Summ. J. ¶ 3, ECF No. 90.

Shelton resists summary judgment. ECF No. 91. He concedes his right ankle is uninjured. Pl.'s Resp. Def.'s Statement Material Facts ¶ 15, ECF No. 91-1. Shelton contends Stevens stomped on and injured his left ankle. Shelton Dep. 111:1–112:16, ECF No. 91-2 at 48.

### III. LEGAL STANDARD

In its previous order, the Court set out the standard for summary judgment and the doctrine of qualified immunity. *See* ECF No. 83 at 2–4, 9–14. The Court will grant summary judgment if, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Stevens is entitled to qualified immunity if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The qualified immunity inquiry addresses two questions: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009).

Shelton asserts Stevens's use of excessive force violated Shelton's Fourth Amendment right to be free from unreasonable seizures. Am. Compl. ¶¶ 44–48, ECF No. 68; *see Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018). This requires the Court to consider, "based on the perspective of a reasonable officer on the scene, whether the officer['s] actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to

their underlying intent or motivation." *Burnikel*, 886 F.3d at 710 (quoting *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015)). In this analysis, relevant circumstances include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

When considering qualified immunity for excessive force at summary judgment, "[o]nce the predicate facts are established, the reasonableness of [an officer's] conduct under the circumstances is a question of law." *Malone v. Hinman*, 847 F.3d 949, 953 (8th Cir. 2017) (second alteration in original) (quoting *Tlamka v. Serrell*, 244 F.3d 628, 632 (8th Cir. 2001)). If a genuine factual dispute exists as to those predicate facts, a court must deny qualified immunity and allow a jury to resolve the factual disputes. *See Wealot v. Brooks*, 865 F.3d 1119, 1125–28 (8th Cir. 2017).

## IV. DISCUSSION

Stevens contends the evidence now demonstrates he did not injure Shelton, and, therefore, he is entitled to summary judgment as a matter of law. Def.'s Br. Supp. Mot. Summ. J. 2, ECF No. 90-3. However, factual disputes about the cause of Shelton's injuries and the circumstances of Stevens's use of force remain. Those disputes preclude summary judgment.

First, the parties offer conflicting evidence as to which ankle Stevens stepped on. Stevens contends there is no genuine dispute as to the fact that he used force on Shelton's right ankle. *See* ECF No. 90 ¶¶ 3–4. Stevens points to his deposition testimony that he stomped on Shelton's right ankle, Lieutenant Kevin Smull's affidavit alleging Smull secured Shelton's right leg, "which was being held in place by Officer Brian Stevens'[s] foot," and dashboard camera video of the incident. *Id.*; *see* Stevens Dep. 42:16–20, ECF No. 90-2 at 28;

3

Smull Aff. ¶ 6, ECF No. 90-2 at 31; ECF No. 90-2 at 26. Stevens contends the video shows "Shelton's left ankle rolling and likely breaking" before Stevens approached Shelton, and Stevens contends his use of force on Shelton's right foot is "depicted by the video." ECF No. 90-3 at 2–3.

Shelton alleges Stevens stomped on and broke his left ankle. ECF No. 91 at 7. Shelton offers his deposition testimony as evidence. Shelton testifies, "I'm saying that my left leg was stomped on. . . . I seen back somebody was standing over me about to stomp down, and I felt the snap and the crunch in my left leg." Shelton Dep. 112:13–16, ECF No. 91-2 at 48.

As the Court noted in its previous order, when a party's version of the events is plainly contradicted by existing video evidence, a court should not adopt the contradicted facts for purposes of resolving a motion for summary judgment. ECF No. 83 at 13; *see also Scott v. Harris*, 550 U.S. 372, 380–81 (2007); *accord Wallingford v. Olson*, 592 F.3d 888, 892 (8th Cir. 2010). In contrast, when, at summary judgment, video evidence does not plainly contradict a party's version of events and the parties offer conflicting recollections of the events, a court resolves the evidence in the non-moving party's favor. *Cf. Mann v. Yarnell*, 497 F.3d 822, 827 (8th Cir. 2007) ("Had the video demonstrably contradicted material representations made by the officers, or had [the plaintiff] or the neighbor who taped the video had a recollection of the events that differed from the officers' accounts, we might well have resolved the conflicting evidence in [the plaintiff's] favor.").

Here, neither party's account is plainly contradicted by the video. The dashboard camera video does not clearly show which ankle Stevens stomped on or when Shelton's ankle broke. Therefore, the Court must view the facts in the light most favorable to the non-moving party. *See Michael v. Trevena*, 899 F.3d 528, 532 (8th Cir. 2018) (observing when dashboard camera footage is not dispositive, a court should treat the case as "one of those 'usual' qualified immunity

4

cases in which viewing the facts in the light most favorable to the nonmovant 'means adopting . . . the plaintiff's version of the facts.'" (quoting *Scott*, 550 U.S. at 378)). The Court adopts Shelton's version of the facts and finds a reasonable jury could conclude Stevens stomped on and broke Shelton's left ankle.

Second, as the Court previously observed about Stevens's use of force, "[i]t is unclear any legitimate restraint purpose was served by this action." ECF No. 83 at 22. None of the newly submitted evidence resolves this issue. Stevens previously stated he used force because he saw Shelton attempting "to regain his base by drawing his feet up to his body." Defs.' App. Supp. Mot. Summ. J. at 15, Stevens Aff. 2, ECF No. 26-3. As the Court described in its previous order, the video evidence contradicts this account. ECF No. 83 at 22. Stevens testifies "I had a purpose with the strike. It was to distract what he was doing from endangering those officers." Stevens Dep. 47:7–9, ECF No. 91-2 at 53. The video is unclear as to Shelton's actions immediately preceding Stevens's use of force. The video clearly depicts Shelton on the ground, surrounded by several officers. However, the video and other evidence do not clearly show the circumstances relevant to the reasonableness of Stevens's use of force, including whether Shelton posed an immediate threat to officers or whether he was actively resisting arrest at the time of Stevens's action. *See Graham*, 490 U.S. at 396 (describing circumstances relevant to whether a use of force is objectively reasonable).

Given these factual disputes, the Court cannot determine whether Stevens's use of force was objectively reasonable under the circumstances. "Police officers undoubtedly have a right to use some degree of physical force, or threat thereof, to effect a lawful seizure, and reasonable applications of force may well cause pain or minor injuries with some frequency." *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011) (internal citation omitted).

5

However, police officers may not use gratuitous force against subdued suspects. *See Krout v. Goemmer*, 583 F.3d 557, 566 (8th Cir. 2009) (explaining the use of gratuitous force against a suspect who is already fully subdued is objectively unreasonable under the Fourth Amendment); *see also Karels v. Storz*, No. 17-2527, ___ F.3d ___, 2018 WL 4957704, at *5 (8th Cir. Oct. 15, 2018) (affirming denial of qualified immunity to officer whose use of force broke suspect's arm where suspect's resistance was a disputed question of fact); *Henderson v. Munn*, 439 F.3d 497, 500–04 (8th Cir. 2006) (holding an officer's use of force was objectively unreasonable where the officer struck and broke a suspect's ankle while the suspect was subdued on the ground by another officer but had his hands beneath his body and the officer later sprayed pepper spray in the suspect's face). As previously discussed by the Court, when Stevens approached, at least five other officers were restraining Shelton. ECF No. 83 at 22. As in the Court's previous order denying summary judgment as to Stevens, there are genuine issues of material fact as to whether the force used by Stevens was objectively reasonable under all the circumstances and whether a reasonable officer in the situation would have known the force used violated Shelton's constitutional rights under the Fourth Amendment.

Therefore, for the foregoing reasons and for the reasons set forth in the Court's previous order, genuine issues of material fact preclude summary judgment.

IT IS ORDERED that Defendant Brian Stevens's Motion for Summary Judgment, ECF No. 90, is **DENIED.**

**IT IS SO ORDERED**.

Dated this 24th day of October, 2018.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE